UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERNESTINE RENCHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:07CV01355 RWS |
| | ) |
| CITY OF ST. LOUIS TREASURER'S OFFICE, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before me on Defendant's Motion to Dismiss [#9]. Defendant moves to dismiss Plaintiff Ernestine Rencher's Complaint because Rencher has not exhausted her administrative remedies with respect to her claim of racial discrimination.

Defendant filed its motion on September 25, 2007. Rencher failed to file a response to Defendant's motion. On November 6, 2007, I issued an order requiring Rencher to show cause no later than November 21, 2007 why she has failed to file a response to Defendant's motion. Rencher has not filed a response to my November 6th show cause order. Accordingly, I shall consider Defendant's Motion to Dismiss without a response from Rencher.

Before a plaintiff may bring a suit in this Court under Title VII, a plaintiff must first exhaust her administrative remedies by obtaining a right-to-sue letter from the EEOC, which must be issued on the same charge, alleging the same discriminatory reason and conduct, as was investigated and as provided the basis of the EEOC's determination and right-to-sue letter. 42 U.S.C. §2000e-5(f)(1); Fair v. Norris, 480 F.3d 865, 867 (8th Cir. 2007); Wallace v. DTG Operations, Inc., 442 F.3d 1112, 1123 (8th Cir. 2006). The purpose behind the statutory exhaustion requirement is to give the administrative agency the opportunity to investigate,

conciliate or mediate and take remedial action concerning a plaintiff's charge of discrimination before initiating a Title VII claim in federal court and to give the charged party notice of the charge. Cottrill v. MFA, Inc., 443 F.3d 629, 634 (8th Cir. 2006).

In this case, Rencher has based her Complaint upon a right-to-sue letter from the EEOC for EEOC Charge No. 560-2006-02933, dated September 13, 2006. In this charge, Rencher alleged discrimination based upon sex, retaliation and equal pay. In the associated case, Ernestine Rencher v. City of St. Louis Treasurer's Office, 4:07CV01356 AGF, Rencher has based her Complaint upon a right-to-sue letter from the EEOC for EEOC Charge No. 560-2006-01577, dated April 24, 2006. In that charge, Rencher alleged discrimination based upon sex. Rencher did not allege discrimination based upon race in either EEOC charge. Therefore, Defendant was never given notice of such a claim, nor was a race claim investigated by the EEOC or the Missouri Commision on Human Rights.

I find that Rencher has not exhausted her administrative remedies with respect to her claim of racial discrimination. I will therefore grant Defendant's Motion to Dismiss [#9].

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss [#9] is **GRANTED.**

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 26th day of November, 2007.